UNITED STATES OF AMERICA

-v-

07-CR-

JAY VELLON,

07 CR 011 E

Defendant



**FILED**

JAN 12 2007

CLERK, US DISTRICT COURT, WDNY

## PLEA AGREEMENT

The defendant, JAY VELLON and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

### I. THE PLEA AND POSSIBLE SENTENCE

1. The defendant agrees to waive indictment and to plead guilty to a one count Information charging a violation of Title 18, United States Code, Section 922(g)(1) (felon in possession of a firearm), which carries a maximum possible sentence of a term of imprisonment of 10 years, a fine of $250,000, or both, a mandatory 100 special assessment and a term of supervised release of up to 3 years. The defendant understands that the penalties set forth in

this paragraph are the maximum penalties that can be imposed by the Court at sentencing.

2. The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to 2 years, without credit for time previously served on supervised release. As a consequence, in the event the defendant is sentenced to the maximum term of incarceration, a prison term imposed for a violation of supervised release may result in the defendant serving a sentence of imprisonment longer than the statutory maximum set forth in paragraph 1 of this agreement.

## II.  SENTENCING GUIDELINES

3. The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

## ELEMENTS OF THE CRIME

4. The defendant understands the nature of the offense set forth in paragraph 1 of this agreement and understands that if this

case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime(s):

a. has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year;

b. the defendant knowingly possessed a firearm; and

c. the possession was in or affecting interstate commerce.

## FACTUAL BASIS

5. The defendant and the government agree to the following facts, which form the basis for the entry of the plea of guilty including relevant conduct:

> a) On June 11, 1999, the defendant was convicted of conspiracy to possess with intent to distribute a controlled substance, a felony punishable by more than one year in prison. Thereafter, on January 27, 2005 members of the FBI's Career Criminal Task Force (CCTF) executed a search warrant at the defendant's residence at 24 Tenth St, Lower, Buffalo, New York. Found during the search was one loaded Hi-Point, model C 9mm semi-automatic pistol, bearing serial number P129516 secreted in the rafters of the basement. After finding the firearm, the defendant, who was present at the house was questioned. The defendant admitted that the firearm was his and that he was keeping it in the house for another individual. A firearms trace was conducted and revealed that the firearm was previously manufactured in the State of Ohio. Therefore,

the firearm traveled in interstate commerce prior to the defendant's possession.

## BASE OFFENSE LEVEL

6. The government and the defendant agree that Guidelines § 2K2.1(a)(4) applies to the offense of conviction and provides for a base offense level of **20**.

## ACCEPTANCE OF RESPONSIBILITY

7. At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level downward adjustment of Guidelines § 3E1.1(a) (acceptance of responsibility) and further agrees to move the Court to apply the additional one (1) level downward adjustment of Guidelines § 3E1.1(b), which would result in a total offense level of **17**.

## CRIMINAL HISTORY CATEGORY

8. It is the understanding of the government and the defendant that the defendant's criminal history category is **IV**. The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action

the defendant's criminal history category may increase. The defendant understands that the defendant has no right to withdraw the plea of guilty based on the Court's determination of the defendant's criminal history category.

## GUIDELINES' APPLICATION, CALCULATIONS AND IMPACT

9. It is the understanding of the government and the defendant that, with a total offense level of **17** and criminal history category of **IV**, the defendant's sentencing range would be a term of imprisonment of **37** to **46** months, a fine of **$5,000** to **$50,000**, and a period of supervised release of **2** to **3** years. Notwithstanding this, the defendant understands that at sentencing the defendant is subject to the maximum penalties set forth in paragraph 1 of this agreement.

10. The government and the defendant agree to the Sentencing Guidelines calculations set forth in this agreement and neither party will advocate or recommend the application of any other Guideline, or move for any guideline departure pursuant to Chapter 5K of the Sentencing Guidelines, except as specifically set forth in this agreement. A breach of this paragraph by one party will relieve the other party of any agreements made in this plea agreement with respect to sentencing motions and recommendations.

-5-

Both parties, however, reserve the right to bring to the attention of the Court all information deemed relevant to a determination of the proper sentence in this action.

### III.   STATUTE OF LIMITATIONS

11.  In the event the defendant's plea of guilty is withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any other criminal offense involving or related to the unlawful possession of firearms which is not time barred as of the date of this agreement. This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty plea or vacating of the conviction becomes final.

### IV.   GOVERNMENT RIGHTS AND RESERVATIONS

12.  The defendant understands that the government has reserved the right to:

    a.  provide to the Probation Office and the Court all the information and evidence in its

possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

b. respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

c. modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information regarding the recommendation or factor;

d. oppose any application for a downward departure and/or sentence outside the Guidelines range made by the defendant.

13. At sentencing, the government will move to dismiss (the criminal complaint pending against the defendant under Magistrate's No. 06-M-1003.

V. **APPEAL RIGHTS**

14. The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however, knowingly waives the right to appeal, modify pursuant to Title 18, United States Code, Section 3582(c)(2) and collaterally attack any component of a

sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment, a fine and supervised release set forth in Section II, ¶ 9 above, notwithstanding the manner in which the Court determines the sentence.

15. The defendant understands that by agreeing to not collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

16. The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than the sentencing range for imprisonment, a fine and supervised release set forth in Section II, ¶ 9 above, notwithstanding the manner in which the Court determines the sentence. However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

## VI. FORFEITURE PROVISIONS

17. The defendant acknowledges that the defendant is the owner of the firearm(s) described below and agrees that the firearm(s) constitute a nuisance as provided for in New York Penal Law §400.05 and further agrees not to contest the forfeiture of, and agrees to the immediate entry of an order of forfeiture pursuant to Title 18, United States Code, §§924(d) and 3665 against the following property:

    a. one loaded Hi-Point, model C 9mm semi-automatic pistol, bearing searial number P129516

18. In the event the defendant is allowed to withdraw the plea of guilty or in the event this agreement is voided by the Court, it is expressly agreed and understood that the agreement for forfeiture of property is binding upon the defendant and survives the voiding of this agreement.

## VII. COOPERATION

19. The defendant will cooperate with the government by providing complete and truthful information regarding the defendant's knowledge of any and all criminal activity, whether undertaken by the defendant or others, in any way involving or related to the unlawful purchase, sale, transfer, and possession of

firearms and controlled substances, as well as homicides occurring in the Buffalo, New York area. The defendant's cooperation shall also include submitting to interviews by government attorneys and agents, as well as testifying truthfully and completely before grand juries and at such pre-trial and trial proceedings as the government shall deem necessary.

20. The defendant's cooperation shall also be provided to any local, state or federal authorities designated by the government and who have agreed to abide by the terms of the "Cooperation" section of this agreement. The defendant's obligation to testify truthfully and completely shall extend to proceedings in federal, state and local courts in jurisdictions which have agreed to abide by this agreement.

21. In exchange for the defendant's plea of guilty and cooperation as set forth in this agreement, the defendant will not be prosecuted by the Office of the United States Attorney for the Western District of New York for any other federal criminal offenses committed in the Western District of New York in any way involving or related to the unlawful purchase, sale, transfer, or possession of firearms and controlled substances, committed up to the date of this agreement and about which the defendant provides complete and truthful information. Such a promise of non-

prosecution does not foreclose any prosecution for an act involving murder, attempted murder, or act of physical violence against the person of another, or conspiracy to commit an act of violence.

22. Further, no testimony, statements or tangible objects provided by the defendant in compliance with this agreement (or any information directly or indirectly derived therefrom) will be used against the defendant in any criminal case, except a prosecution for perjury or making false statements.

23. Upon the condition that the defendant has fully complied with all terms and conditions of this agreement, should the government determine that the defendant has provided substantial assistance in the investigation or prosecution of other persons who have committed offenses, the government will move the Court at sentencing to depart downward as provided for in Guidelines § 5K1.1 at least **2 levels**. The defendant understands that the decision to make such a motion is within the sole discretion of the government and that the decision to grant such a motion, and the extent of any downward departure, are matters solely within the discretion of the Court.

24. This agreement does not preclude the prosecution of the defendant for perjury or making false statements in the event the

defendant testifies falsely or provides false information to the government. This agreement is not contingent upon the filing of charges against, the return of an Indictment against, or the successful prosecution of, any person or entity.

25. It is a condition of this agreement that, up through the date of the defendant's sentencing, the defendant shall commit no further crimes. It is also a condition of this agreement that the defendant must, at all times, give complete, truthful and accurate information and testimony and not withhold information from the government or refuse to testify truthfully and completely. Should the defendant be sentenced prior to the completion of the defendant's cooperation with the government, the defendant's obligation to comply with the cooperation provisions of this agreement extends past sentencing.

26. In the event the government believes the defendant has violated any of the conditions in the "Cooperation" section of this agreement, then the government may, before or after sentencing, petition the Court to declare that the defendant has breached this agreement and for an order relieving the government of its obligations under this agreement.

27. Whether or not the defendant has violated any of the conditions of this agreement shall be determined by the Court in an appropriate proceeding at which any disclosures and documents provided by the defendant shall be admissible and at which the government shall be required to establish any violation by a preponderance of the evidence. In order to establish any violation by the defendant, the government is entitled to rely on statements and information given by the defendant pursuant to this agreement.

28. If this agreement is declared breached:

   a. the defendant shall thereafter be subject to prosecution for any federal criminal violations of which the government has knowledge, including but not limited to, perjury and obstruction of justice;

   b. the government may withdraw any motion filed pursuant to Sentencing Guidelines § 5K1.1, Title 18, United States Code, Section 3553(e) and/or Rule 35(b);

   c. the defendant has no right to withdraw the plea of guilty;

   d. the defendant shall waive all rights under Fed. R. Crim. P. 11(f), Fed. R. Evid. 410 and Sentencing Guidelines § 1B1.8 and the defendant expressly agrees that all statements, testimony and tangible objects provided by the defendant (with the exception of statements made in open court during guilty plea proceedings), whether prior or subsequent to this agreement, can be used directly and indirectly in any and all criminal proceedings against the defendant; and

   e. the defendant agrees that any charges that were dismissed pursuant to this agreement may be automatically reinstated at the request of the government. Furthermore, the defendant agrees not to assert the statute of limitations as a defense to any criminal

offense involving or related to the unlawful possession, manufacture or distribution of controlled substances and the unlawful possession of firearms which is not time barred as of the date of this agreement. This waiver shall be effective for a period of six months following the date upon which the Court's order declaring the agreement breached by the defendant becomes final.

29. At the time of sentencing, the government will make the nature and extent of the defendant's compliance with this agreement known to the Court. The government and the defendant will request that sentencing be adjourned until full satisfaction by the defendant of the terms of this agreement. In the event the defendant is sentenced prior to the completion of the defendant's cooperation with the government, the government reserves the right to modify any recommendation to be made by the government at sentencing pursuant to Guidelines § 5K1.1 and/or Title 18, United States Code, Section 3553(e).

30. The defendant's attorney is expressly permitted to be present at any time the defendant is questioned or interviewed by government agents regarding the matters set forth in this agreement.

### VIII. TOTAL AGREEMENT AND AFFIRMATIONS

31. This plea agreement represents the total agreement between the defendant, JAY VELLON, and the government. There are

no promises made by anyone other than those contained in this agreement. This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

TERRANCE P. FLYNN
United States Attorney
Western District of New York

BY: _____
JOEL L. VIOLANTI
Assistant U.S. Attorney

Dated: January 12, 2007

I have read this agreement, which consists of 16 pages. I have had a full opportunity to discuss this agreement with my attorney, THOMAS J. EOANNOU, Esq. I agree that it represents the total agreement reached between myself and the government. No promises or representations have been made to me other than what is contained in this agreement. I understand all of the consequences of my plea of guilty. I fully agree with the contents of this agreement. I am signing this agreement voluntarily and of my own free will.

_____
JAY WELLON
Defendant

Dated: January 12, 2007

_____
THOMAS J. EOANNOU, Esq.
Attorney for the Defendant

Dated: January 12, 2007